F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 09 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HILDA L. SOLIS, Secretary of the United States
Department of Labor,

                    Appellant,

                    -against-

KENNETH KIRSCHENBAUM, Chapter 7 Trustee
of the Estate of the Robert Plan Corporation, et al.,

                    Appellees.
------------------------------------------------------------X

**OPINION AND ORDER**
12-MC-608 (SJF)

FEUERSTEIN, J.

The Secretary of the United States Department of Labor (the "Secretary") filed an application pursuant to 28 U.S.C. § 158(a)(3) and Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure, [Docket Entry No. 1] (the "Application"), seeking leave to file an appeal from the interlocutory portions of an order of the Honorable Robert E. Grossman, United States Bankruptcy Judge, dated August 20, 2012, [Docket Entry No. 1-3] (the "Compensation Order"), granting the applications for compensation of: (1) Kenneth Kirschenbaum, the Chapter 7 Trustee (the "Trustee") in the substantively consolidated cases of The Robert Plan Corporation and The Robert Plan of New York Corporation (together, the "debtors"); (2) Kirschenbaum & Kirschenbaum, P.C. ("K&K"), attorneys for the Trustee; (3) Travis L. Whitfield, independent auditor for the Trustee; and (4) David Witz, pension consultant to the Trustee. The Compensation Order awarded: (1) one hundred thirty-two thousand three hundred seventy-eight dollars and twenty-four cents ($132,378.24) in fees to the Trustee as an interim award; (2) forty-seven thousand six hundred twenty-eight dollars and seventy-seven cents ($47,628.77) in fees to K&K as

1

an interim award (subject to a twenty percent (20%) holdback); (3) forty-four thousand sixty-eight dollars and seventy-five cents ($44,068.75) in fees and three thousand seven hundred fifty-five dollars ($3,755.00) in expenses to Witz as a final award; and (4) fifty-three thousand dollars ($53,000.00) in fees and one thousand one hundred eleven dollars and sixty-four cents ($1,111.64) in expenses to Whitfield as a final award. As the fee awards to the Trustee and K&K were on an interim basis, those portions of the Compensation Order are interlocutory. See In re Stable Mews Assocs., 778 F.2d 121, 122-23 (2d Cir. 1985) (holding that the bankruptcy court's interim award of compensation to the chapter 11 trustee was interlocutory). Therefore, the Secretary has sought leave to file an interlocutory appeal to allow the interim awards to be reviewed by the Court along with the final awards to Witz and Whitfield, which are immediately appealable as of right.

For the reasons that follow, the application for leave to file an interlocutory appeal is GRANTED IN PART and DENIED IN PART.

I.  Background

The debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on August 25, 2008. Application at 3. On January 19, 2010, the Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed. Id. Upon his appointment, the Trustee assumed responsibility for administering an employee benefit plan, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 2001, et seq., for the benefit of the debtors' former employees (the "ERISA plan"). See 11 U.S.C. § 704(a)(11) ("(a) The trustee shall . . . (11) if . . . the debtor . . . served as the administrator (as defined [under ERISA]) of an employee benefit plan, continue to perform the obligations required of the administrator.").

2

The Trustee filed an application to the bankruptcy court seeking authorization to terminate the ERISA plan, retain K&K, Witz and Whitfield (the "professionals"), and to pay the professionals within his discretion, up to certain specified amounts, from the ERISA plan funds (the "retention application"). Compensation Order at 4-5. In order to pay for the costs of administering the ERISA plan, including the professionals' fees, the Trustee applied a three percent (3.00%) surcharge to the account of each participant in the ERISA plan and segregated the proceeds into the "Pguy Account." Id. at 5. The Secretary objected to the retention application, arguing that the bankruptcy court lacked jurisdiction over the Trustee in his capacity as ERISA plan administrator and thus could not authorize the retention of the professionals or the payment of their fees from the assets of the ERISA plan. Compensation Order at 4-5. The bankruptcy court overruled the Secretary's objection to the retention application, holding that the Trustee, acting as administrator of the ERISA plan pursuant to Bankruptcy Code § 704(a)(11), is subject to the bankruptcy court's jurisdiction, and that the bankruptcy court therefore "has jurisdiction over any request by the Trustee to retain and pay professionals to assist the Trustee in carrying out his duties as [ERISA] Plan administrator." Id. at 5. The bankruptcy court did not authorize the payment of any fees and reserved decision on the proper method for calculating the Trustee's fee award. Id. at 5-6.

On March 1, 2011, the bankruptcy court granted the first interim fee applications of the Trustee and the professionals. Application at 5-6. However, the bankruptcy court's order did not specify whether the fees should be paid from property of the debtors' estates or the Pguy Account. Id. at 6. The second interim fee applications were filed by the Trustee and the professionals in November 2011. Id. The Secretary again objected to the fee applications on the

3

ground that the bankruptcy court lacks jurisdiction to order that the fees be paid from the ERISA plan assets and may only award fees insofar as they are paid from property of the debtors' estates. The bankruptcy court overruled the Secretary's objections and issued the Compensation Order, authorizing payment of the interim and final fee awards from the Pguy Account, which the bankruptcy court acknowledged was not part of the debtors' estates. Compensation Order at 1, 33. The bankruptcy court held that "[t]he fact that the [ERISA] Plan assets administered by the Trustee are not property of the Debtors' estate has no bearing on the Court's jurisdiction over the Trustee when acting as the [ERISA] Plan administrator," and that the bankruptcy court "has core jurisdiction to award fees to the Trustee and his duly retained professionals in connection with the Trustee's acts as [ERISA] Plan administrator[,] [w]hether the payments are made from the Plan assets or Bankruptcy estate assets . . . ." Id. at 2-3.

In determining the amount of the Trustee's interim fee award, the bankruptcy court held that the maximum award was set by Bankruptcy Code § 326(a), which provides in relevant part that a bankruptcy court may award a trustee "reasonable compensation under [Bankruptcy Code §] 330 . . . , not to exceed" a certain percentage of "all moneys distributed or turned over in the case by the trustee to parties in interest." 11 U.S.C. § 326(a). The bankruptcy court applied the formula to the Trustee's distribution of the ERISA plan assets, despite the fact that those assets were not property of the debtors' estates. 11 U.S.C. § 326(a). The bankruptcy court also held that, "[a]fter considering the formula set forth in Bankruptcy Code § 326(a), . . . the [bankruptcy court] must determine whether the amount actually requested is reasonable." Compensation Order at 27. The bankruptcy court noted that the Trustee's requested fees were one-half (.50) the maximum allowed under Bankruptcy Code § 326(a) (according to the bankruptcy court's

4

interpretation of the statute) and the Trustee "had provided . . . time sheets setting forth the time spent by the Trustee on each task," and found that "the amount sought in th[e] interim fee application [was] reasonable based on the nature of the services performed." Id.

The Secretary seeks the Court's review of three (3) issues on appeal: (1) whether the bankruptcy court may order that the fee awards be paid from the ERISA plan assets (the Pguy Account); (2) "[w]hether the base for computing a bankruptcy trustee's maximum compensation under [Bankruptcy Code §] 326(a) . . . includes the funds in an ERISA [p]lan"; and (3) "[w]hether the reasonable compensation requirement in [Bankruptcy Code] § 330 can be satisfied without an examination of the hourly rate a bankruptcy trustee will receive, if a trustee's fee request is granted." Application at 8-9.

II.     Standard

"Under [28 U.S.C.] § 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003); In re AroChem Corp., 176 F.3d 610, 618 (2d Cir. 1999) ("While final orders of the bankruptcy court may be appealed to the district court as of right, appeals from nonfinal bankruptcy court orders may be taken only with leave of the district court.") (internal quotation marks and citation omitted). "Although [28 U.S.C. §] 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a district court should grant leave to appeal in a particular case." In re Cutter, No. 05-CV-5527, 2006 WL 2482674, at *4 (E.D.N.Y. Aug. 29, 2006). Therefore, "most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)." Id.

Applying this standard, the Court may in its discretion permit an appeal to be taken from an interlocutory order where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); see also In re Futter Lumber Corp., 473 B.R. 20, 26 (Bankr. E.D.N.Y. 2012). "All three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." Futter, 473 B.R. at 26. "'Additionally, 'the party seeking an interlocutory appeal has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" Yerushalmi v. Shiboleth, 405 B.R. 44, 47 (E.D.N.Y. 2009) (quoting In re Enron Corp., No. M-47, 2008 WL 281972, at *3 (S.D.N.Y. Jan. 25, 2008)); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave, 921 F.2d 21, 24-25 (2d Cir. 1990) ("[W]e do not imply that section 1292(b) should be liberally construed . . . ."). Although 28 U.S.C. § 1292(b) "was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).

"To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." N. Fork Bank v. Abelson, 207 B.R. 382, 389 (E.D.N.Y. 1997). Moreover, "the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" In re Worldcom, Inc., No. 03 Misc. 47, 2003 WL 21498904, at *10 (S.D.N.Y.

June 30, 2003) (quoting Ahrenholz v. Bd. of Trs. Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000)).

III. Analysis

A determination of whether the bankruptcy court has jurisdiction to order that fees be paid from the assets of an ERISA plan implicates both the final orders entered with respect to Witz and Whitfield and the interim orders entered with respect to the Trustee and K&K. Therefore, granting the Secretary leave to file an interlocutory appeal with respect to this issue will facilitate the ultimate resolution of the fee dispute and will avoid the unnecessary delay that will result from waiting for an appeal from the Trustee's and K&K's final compensation orders. See In re Raytech Corp., 241 B.R. 785, 787-88 (D. Conn. 1999) (granting leave to file an interlocutory appeal of an interim compensation order where the same issue was under review with respect to a final compensation order, stating that "[t]his approach will facilitate the ultimate termination of the litigation and avoid resolving the identical issue in piecemeal fashion"). The efficiency of this approach is supported by the Secretary's expressed intention to pursue an appeal of the final fee awards to Witz and Whitfield even if leave to appeal the interim awards to K&K and the Trustee is not granted. See Application at 12 ("[E]ven if the Motion is denied, an appeal will go forward with respect to the jurisdiction of the Bankruptcy Court to pay the awards to Witz and Whitfield from the assets of the ERISA Plan."). Furthermore, whether the bankruptcy court has jurisdiction to order that fees be paid from the assets of an ERISA plan is a pure question of law that may be determined without reference to the factual record below, and the question appears not to have been previously addressed in this Circuit. Therefore, the Secretary's application is granted insofar as the interim fee awards to the Trustee and K&K may be appealed on an interlocutory

basis along with the final awards to Witz and Whitfield to determine whether the bankruptcy court has jurisdiction to order the fee awards to be paid from the Pguy Account.[1]

However, leave to file an interlocutory appeal with respect to the bankruptcy court's calculation of the amount of the interim fee award to the Trustee is denied. As the Secretary acknowledges, "[t]he interim compensation is subject to revision in the final compensation order which may require disgorgement of excessive interim compensation." Application at 4 (citing 11 U.S.C. § 330(a)(5)). The interim award to the Trustee was one-half (.50) the amount that the bankruptcy court believed to be authorized by Bankruptcy Code § 326(a), and it is clear from the Compensation Order that the bankruptcy court considered the reasonableness of the fee award, by its reference to Bankruptcy Code § 330. Although the Secretary attempts to frame the issue as a legal question involving the interpretation of Bankruptcy Code §§ 326(a) and 330, the gist of the Secretary's argument is that the bankruptcy court's award to the Trustee was unreasonable, and the dispute over the size of the award will not be resolved by the Court's determination of the proper means of calculating the maximum fee award under Bankruptcy Code § 326(a). The reasonableness of a fee award "involves a factual determination," In re T.R. Acquisition Corp., No. M-47, 1997 WL 51500, at *1 (S.D.N.Y. Feb. 6, 1997), and in this case requires an inspection of the time records submitted by the Trustee in support of his fee application. Such a fact specific determination is "not a controlling question of law" and therefore is not appropriate for interlocutory review. Id. Moreover, given the bankruptcy court's discretion to modify the fee

---

[1] In opposition to the Secretary's motion, the Trustee and K&K argue that the Secretary lacks standing to appeal the Compensation Order and failed to raise the issues presented here before the bankruptcy court. [Docket Entry No. 1-7]. Because the Secretary has not had an opportunity to address these arguments and they will necessarily be raised again on appeal, it is not necessary for the Court to consider these issues at this time.

8

award in a final order, there is no reason for the Court to review the size of the interim award at this time.

IV. Conclusion

For the foregoing reasons, the Secretary's application for leave to appeal the interim fee awards to the Trustee and K&K is granted with respect to the bankruptcy court's determination that it has jurisdiction to order that the fee awards be paid from the Pguy Account. The Secretary's application is denied in all other respects. The Secretary is granted leave to file supplemental briefing by April 30, 2013 at 5:00 p.m. The appellees' response, if any, must be filed by May 15, 2013 at 5:00 p.m.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 9, 2013
Central Islip, New York